IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBYN L. BARNETT,

                Plaintiff,                  ORDER

v.

                                              15-cv-36-wmc

KARL STORZ ENDOSCOPY AMERICA,
INC., KARL STORZ GBBH & CO. KG,
ETHICON, INC., ETHICON WOMEN'S
HEALTH AND UROLOGY, ETHICON ENDO
SURGERY, INC., JOHNSON & JOHNSON
SERVICES, JOHNSON & JOHNSON,
MEDTECH GROUP, INC., HEI, INC.,

                Defendants.

---

In this civil action, plaintiff Robyn L. Barnett asserts claim of negligence and strict liability, as well as claims under Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18 *et seq.*, all arising out of defendants' design, manufacture, labeling, marketing, distribution or sale of a Laparoscopic Power Morcellator, which was used on plaintiff during a surgical procedure on October 5, 2011. (Am. Compl. (dkt. #1-2).) Despite filing her original complaint in Pierce County Wisconsin Circuit Court on October 3, 2014, and filing an amended complaint on December 17, 2014, plaintiff did not attempt service on at least some of the defendants until December 2014. The case was removed to this court on January 16, 2015, on the basis of this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. of Removal (dkt. #1).) Before the court are two motions to dismiss, one by defendants Karl Storz Endoscopy America, Inc. (dkt. #5), which is now

moot,[1] and the other by defendants Ethicon Endo Surgery, Inc., Ethicon Women's Health and Urology, Ethicon, Inc., Johnson & Johnson, Johnson & Johnson Services, and Medtech Group, Inc. (dkt. #20).[2]

In both motions, defendants contend that the court should dismiss the case against them for lack of personal jurisdiction and deficient process under Federal Rules of Civil Procedure 12(b)(2), (b)(4), and (b)(5), because plaintiff failed to serve an authenticated copy of the summons and complaint within 90 days as required by Wis. Stat. § 801.02(1). Plaintiff acknowledges this failure in response to both motions, but asks the court to grant defendants' motions to dismiss without prejudice and to find that "our subsequent filing relate[s] back to the original filing of the Complaint." (Pl.'s Responses (dkt. ##18, 30).)

"Federal courts acquire personal jurisdiction only to the extent the state law authorizes service of process." *United Rope Distributors, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 536 (7th Cir. 1991); *see also Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made, and the question of amenability to suit in diversity actions continues to be governed by state law even after

---

[1] Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to her claims against defendants Karl Storz Endoscopy America, Inc. and Karl Storz GmbH & Go. KG. (Dkt. #29.) This notice, therefore, moots Karl Storz's pending motion to dismiss.

[2] Defendant HEI has not answered or otherwise appeared, but has filed a suggestion of bankruptcy. (Dkt. #16.) Plaintiff has not, however, indicated that HEI was unique in being served timely. In any event, the claims against HEI will be stayed and administratively closed pending guidance from the bankruptcy court.

removal."). In *American Family Mutual Insurance Company v. Royal Insurance Company of America*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992), the Wisconsin Supreme Court reviewed the requirement of serving an authenticated copy of the summons and complaint under § 801.02(1). The court held that a plaintiff's failure to comply with this requirement "constitutes a fundamental error which necessarily precludes personal jurisdiction regardless of the presence or absence of prejudice." *Id.* at 534, 481 N.W.2d at 633. Moreover, while harsh, it is not possible for plaintiff to cure this defect since (1) the 90-day period for service has lapsed, and (2) that time period may not be enlarged. *See* Wis. Stat. § 801.15(2)(a). Accordingly, the court agrees with defendants that dismissal for lack of personal jurisdiction, insufficient process and insufficient service of process is warranted.

Because the court dismisses this case due to lack of personal jurisdiction without reaching the merits of the alleged claims, plaintiff is right that the case must be dismissed without prejudice to refiling. *See Sikhs v. Justice v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) ("Ordinarily a dismissal for want of personal jurisdiction as a result of improper service is without prejudice."); *Sentry Corp. v. Harris*, 802 F.2d 229, 246 (7th Cir. 1986) (affirming dismissal of claims without prejudice where plaintiff failed to comply with Wis. Stat. § 801.02(1)). Plaintiff also asks the court to enter some sort of order finding that the "subsequent filing relate[s] back to the original filing of the Complaint." (Pl.'s Responses (dkt. ##18, 30).) Plaintiff cites no legal authority for such an order, nor could this court find such support. Indeed, plaintiff's request falls squarely within an advisory opinion, since there is no refiled complaint, nor is it clear that if the complaint is

refiled it will be in this court (or be removed to this court). *See Halbrucker v. Waste Mgmt. of Wis.*, No. 06-C-796, 2007 WL 313930, at *1 (E.D. Wis. Jan. 29, 2007) (refusing to consider statute of limitations defense for complaint to be refiled, finding that "at this juncture" such a ruling "would amount to an advisory opinion").

If plaintiff opts to refile her complaint, it will be up to that court to determine the merits of any asserted statute of limitations' defense, including plaintiff's right, if any, to the filing date being related back to the original filing date in this dismissed action.

Accordingly,

ORDER

IT IS ORDERED that:

1) defendant Karl Storz Endoscopy America, Inc.'s motion to dismiss (dkt. #5) is DENIED AS MOOT in light of plaintiff's notice of voluntary dismissal;

2) defendants Ethicon Endo Surgery, Inc., Ethicon Women's Health and Urology, Ethicon, Inc., Johnson & Johnson, Johnson & Johnson Services, and Medtech Group, Inc.'s motion to dismiss (dkt. #20) is GRANTED. Plaintiff's complaint is dismissed without prejudice;

3) the claims against defendant HEI, Inc. are STAYED pending action by the bankruptcy court; and

4) the clerk of court is directed to close this case.

Entered this 27th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge